**NATIONAL UNION FIRE INSURANCE COMPANY, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 670–88L.**

United States Claims Court.

Dec. 22, 1989.

As Amended Dec. 28, 1989.

Lawrence B. Haile, of counsel, Marina del Ray, Cal., for plaintiffs.

Alan Brenner, New York City, with whom was Margaret M. Sweeney, for defendant.

## OPINION

SMITH, Chief Judge.

This matter is presently before the court on defendant's Motion to Dismiss. As a basis, defendant asserts that contemporaneous with the filing of a claim of inverse condemnation in this court, plaintiffs filed a complaint under the Federal Tort Claims Act (FTCA) in the United States District Court for the Central District of California. Because both causes of action arose from the same set of operative facts, and because both complaints seek the same type of relief, namely, money damages, 28 U.S.C. § 1500 (1982) requires that this court dismiss the present action. For the reasons set forth below, this court must grant the Motion to Dismiss.

## FACTS

Plaintiffs filed their taking claim in the Claims Court on November 23, 1988. On the same day, plaintiffs began a tort action in the United States District Court for the Central District of California. Both complaints allege the following underlying facts.

According to plaintiffs, the National Union Fire Insurance Company is the insurer of The Restaurant Enterprise Group, a California corporation that owns Reuben's Restaurant in Redondo Beach, California. In January 1988, a tidal wave struck the area, resulting in damages to the plaintiffs' property in excess of $750,000.00. In April 1988, plaintiffs presented a claim to the Army Corps of Engineers (Corps) pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1982) (FTCA). After the Corps

failed to respond within six months, plaintiffs, pursuant to 28 U.S.C. § 2675(a) (1982), chose to consider the failure to respond as a final denial of their claims, and on November 23, 1988 filed suit in district court for negligence and in the Claims Court for inverse condemnation.

Defendant filed this Motion to Dismiss in March of 1989 on the ground that the court lacks subject matter jurisdiction based on 28 U.S.C. § 1500.

## DISCUSSION

The resolution of this issue revolves around the construction and application of Section 1500, which reads in its entirety:

> The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly under the authority of the United States.

There is no argument that simultaneous filing of both suits resulted in a claim "pending" within the meaning of § 1500. Nor is this a case in which the plaintiff filed its action in district court after commencing suit in the Claims Court, as was the case in our predecessor court in *Tecon Engineers v. United States*, 170 Ct.Cl. 389, 343 F.2d 943 (1965). In that case, plaintiff, facing a likely negative outcome in the Court of Claims, filed suit in a district court, attempting to defeat the Court of Claims' jurisdiction. In denying the plaintiff's motion to dismiss under § 1500, the court distinguished cases in which suits in district court and the Court of Claims were filed simultaneously. *Id.* at 400–01.

The dispute in the instant case, however, is not over the timing of the two lawsuits. Rather, the inquiry is whether the action in the district court constitutes a "claim for or in respect to" the claim before this court. If the answer is in the affirmative, this court must dismiss the present action.

Plaintiffs contend that they are entitled to maintain both suits because they are grounded on different federal statutes, they seek different relief, and neither action alone could afford the plaintiffs full compensation. Specifically, plaintiffs rely on *Casman v. United States*, 135 Ct.Cl. 647 (1956), which recognized an exception to § 1500 where the relief sought in each court was unavailable in the other. In *Casman*, the plaintiff claimed he was illegally removed from a position of government employment, and filed a claim for back pay in the Court of Claims and a claim seeking reinstatement in the district court. Neither court had jurisdiction to grant the relief sought in the other court. Noting that the purpose of § 1500 was to require a plaintiff to elect between the Court of Claims and a district court, the court in *Casman* held that "where a plaintiff has no right to elect between two courts [because of each court's respective exclusive jurisdiction], section 1500 ... is inapplicable." *Id.* at 650.

Plaintiffs in this case liken themselves to the plaintiff in *Casman*, claiming they have no right to elect between two courts because the Claims Court has exclusive jurisdiction over inverse condemnation claims in excess of $10,000 and no jurisdiction over claims brought under the FTCA. Moreover, plaintiffs argue, the claims are based on different legal theories, albeit on the same set of operative facts.

Unlike the plaintiff in *Casman*, however, the plaintiffs in the instant case are seeking the same type of relief, money damages, in both courts. This is an important distinction because the United States Court of Appeals for the Federal Circuit has interpreted *Casman* as providing an exception "where a type of relief not available in the Claims Court is sought in [district court]." *Johns–Manville v. United States*, 855 F.2d 1556, 1568 (Fed.Cir.1988). In *Johns–Manville*, the plaintiff sought indemnification for asbestos-related damages in the Claims Court on contract and warranty theories, and in the district court under the FTCA. Affirming the Claims Court's dismissal of the actions, the Federal Circuit held that the *Casman* exception

does not apply where "the relief sought from both courts is money, but under different theories." *Id.* at 1566.

This court, of course, is bound by the decision of the Federal Circuit, and for the reasons set forth in *Johns–Manville*, the Motion to Dismiss must be granted. Plaintiffs do not satisfy the *Casman* exception, and there is no other exception recognized by the law, thus the court also is without jurisdiction to grant plaintiffs' oral request for a stay pending the outcome of the district court proceeding.

### CONCLUSION

It is not the function of a judge to impose his or her view of what the law should be upon the contrary statutory text. While concurrent jurisdiction, where complete relief could be afforded by either the Claims Court or a district court, might well be more fair and efficient than the current system, this is a legislative judgment. Until there is a legislative change, plaintiffs are forced to choose their theory, perhaps even at some risk.

The court is mindful that the unfortunate result of this decision effectively is to deny plaintiffs the opportunity to fully recover damages they may have suffered as a result of government action, assuming they would have proven their case. As inequitable as this may be, the Federal Circuit has stated that "[p]rinciples of equity do not support finding jurisdiction exists. A court may not, in any case, even in the interest of justice, extend its jurisdiction where none exists." *Johns–Manville*, 855 F.2d at 1565 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Although there are many instances in the law where a party is required to elect between alternate remedies, and, having done so, to accept the shortcomings of the chosen path, it seems particularly harsh and contrary to the spirit of the fifth amendment to require a plaintiff to determine whether to bring a tort action and forego attorneys' fees and interest or to seek recovery on a theory of inverse condemnation and forego traditional tort damages unavailable in this forum, such as damages resulting from business interruption and destruction of personal property.

While this area of jurisdiction may be ripe for congressional reform, this court may not rewrite § 1500. To the extent that Congress may not believe general legislation is warranted, it may consider congressional reference referrals to this court in particular cases.

The Clerk of the Court shall dismiss this case without costs.

IT IS SO ORDERED.