Mary L. CLARK, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 631–84L.

United States Claims Court.

Jan. 12, 1990.

See also 14 Cl.Ct. 397.

G. Lee Raaen, Seattle, Wash., for plaintiff.

Dorothy R. Burakreis, with whom was Lisa K. Hemmer, Gen. Litigation Section, Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

OPINION

SMITH, Chief Judge.

This case comes before the court on the parties' cross motions for summary judgment under RUSCC 56.[1] This opinion follows a related decision issued by the United States District Court for the Western District of Washington, which awarded plaintiff damages for diminution in the value of her property caused by the negligent disposal of chemicals at an airbase adjacent to plaintiff's property. *Clark v. United States*, 660 F.Supp. 1164 (W.D.Wash.1987), *aff'd*, 856 F.2d 1433 (9th Cir.1988). Plaintiff argues in her motion that she should receive relief for her initial taking claim as a matter of law, in light of the district court decision. The claim presently amounts to $34,000 for diminution in the value of the property, and for an additional, unstated amount in interest and attorneys' fees. The defendant's motion seeks to dismiss this claim in light of the district court decision because the facts and law determined in that decision leave this court without jurisdiction. For the reasons set forth below, plaintiff's motion for summary judgment is denied; defendant's motion for summary judgment is granted.

FACTS

Since 1948, plaintiff has owned and lived on about ten acres of land in American Lake Gardens near Tacoma, Washington. Until early 1983, plaintiff's sole supply of

---

1. Defendant originally styled its motion as a motion to dismiss under RUSCC 12(b)(6), for failure to state a claim upon which relief can be granted. Such a motion must be based solely on the contents of plaintiff's complaint. *See, e.g., Munson Line, Inc. v. Green*, 6 F.R.D. 470, 474 (S.D.N.Y.1977); C. Wright & A. Miller, Federal Practice and Procedure, § 1357. Motions which address matters beyond the complaint are really motions for summary judgment.

*Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (2d Cir.1984); Wright & Miller, at § 1358.

Defendant's motion in this case addresses matters outside plaintiff's initial complaint, and asks the court to consider determinations of the United States District Court for the Western District of Washington in ruling on the motion, so the court will treat defendant's motion as one for summary judgment. *See Clackum v. United States*, 296 F.2d 226, 148 Ct.Cl. 404 (1961).

water came from several wells located on her property. Next to plaintiff's property lies McChord Air Force Base, a military facility which the United States has owned and operated since 1938. During the 1950s and 1960s, the Air Force disposed of various solid and liquid wastes within the confines of the base by burning and by burial.

In December 1982, plaintiff became concerned that her water supply had been contaminated by the disposal of chemicals nearby, and notified McChord Air Force Base personnel. Dissatisfied with the base's response, plaintiff contacted the Environmental Protection Agency (EPA), which tested her water supply in late January 1983. Those tests revealed that plaintiff's wells were contaminated with a chemical known as trichlorethylene (TCE), and a derivative of TCE known as 1,2 trans dichlorethylene (DCE). The EPA classifies these chemicals as extra-hazardous substances and probable human carcinogens.

In January 1983, the EPA advised Mrs. Clark not to consume any more water from her wells. The contamination of her water supply forced her to get water from outside sources until the Air Force began furnishing bottled water to the plaintiff in the spring of 1984. It was not until August 1986 that plaintiff's property was connected to a public water supply, thereby alleviating her problem.

On December 3, 1984, plaintiff filed an inverse condemnation claim in this court under the Tucker Act, 28 U.S.C. § 1491, and under the fifth amendment to the Constitution, alleging diminution in value to her property caused by the well water contamination. Later, on February 8, 1985, plaintiff filed a claim in the United States District Court for the Western District of Washington. In that claim, plaintiff sought damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, arising out of defendant's alleged trespass, nuisance, and negligence.

In response to plaintiff's filing with the district court, defendant moved to dismiss plaintiff's taking claim before this court. Defendant contended that plaintiff's claim, by plaintiff's own admission, was a tort rather than a taking. This court denied defendant's motion, stating that plaintiff should not be prevented from proceeding with her taking claim because the validity of plaintiff's tort claim had not yet been resolved. Specifically, the court stated that it was most reluctant to dismiss plaintiff's claim because "plaintiff is merely asking that she not be foreclosed from proving at trial that she has suffered a taking of her property rather than merely a tort." *Clark v. United States*, 8 Cl.Ct. 649, 651 (1985).

This court later stayed plaintiff's taking claim pending a decision of the tort claim in district court. The district court rendered its decision in April 1987 and ruled for plaintiff. In that decision, the district court found that defendant's actions constituted negligence and resulted in damages of: $26,875 in diminution in property value; $7500 in damage to plumbing; $92 for the cost of purchasing bottled water; $520 for value of time expended in obtaining bottled water; $6150 compensation for lack of tap water and inconvenience resulting therefrom; and $25,000 for emotional distress. Defendant appealed the district court decision, but only on the issue of damages for emotional distress. The Ninth Circuit affirmed the district court's award in a one-paragraph order. 856 F.2d 1433.

With the resolution of plaintiff's case in the district court, this court lifted its suspension of plaintiff's taking claim. Both parties then filed cross motions for summary judgment. In her motion, plaintiff requests compensation for damage to her property in the amount of $26,875, and for plumbing damage in the amount of $7500. Plaintiff also requests interest and attorneys' fees.

## DISCUSSION

Although Mrs. Clark was proceeding under a tort theory before the district court, seeking damages for diminution in the value of her property, the facts established in the district court proceeding also give rise to a taking claim. Defendant is precluded under the principles of collateral estoppel from relitigating the district court's find-

ings, and this court is bound by those findings. Therefore, it appears that Mrs. Clark is entitled to summary judgment on her taking claim. However, the court is constrained to enter judgment for defendant, in light of Congress' intent that a plaintiff not recover against the United States under *both* a taking theory and a tort theory.

## I. Jurisdiction.

Defendant initially argues that the court is precluded from jurisdiction over plaintiff's taking claim under 28 U.S.C. § 1500, which provides: "The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff ... has pending in any other court any suit or process against the United States."

Plaintiff's claims in the district court and this court involve the same operative facts. Both claims involve the disposal of hazardous wastes on McChord Air Force Base and the effect of that disposal on plaintiff's well water. Only the legal theories differ. Defendant correctly points out that § 1500 negates Claims Court jurisdiction when the same claim is pending in a district court at the time the Claims Court case is filed. *See National Union Fire Insurance Co. v. United States*, 19 Cl.Ct. 188 (1989); *Beauregard Parish Police Jury v. United States*, 16 Cl.Ct. 344, 346–47 (1989).

■ However, § 1500 does not apply when a plaintiff first files a claim in the Claims Court and subsequently files the same claim in another court. *See Tecon Engineers, Inc. v. United States*, 343 F.2d 943, 170 Ct.Cl. 389 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966); *Fadem v. United States*, 13 Cl.Ct. 328, 334–35 (1987). In the case at hand, plaintiff first filed her taking claim in this court on December 3, 1984, and subsequently, filed her tort claim in the district court on February 8, 1985. Therefore, 28 U.S.C. § 1500 does not bar Mrs. Clark's taking claim.

## II. Recovery under the FTCA and the fifth amendment.

■ The district court gave a final judgment in favor of plaintiff in her FTCA action. *Clark v. United States*, 660 F.Supp. 1164 (W.D.Wash.1987), *aff'd*, 856 F.2d 1433 (9th Cir.1988). It appears that the record developed in the district court would also support a taking claim. Were the court to conclude that Mrs. Clark could maintain her taking claim here, the principles of collateral estoppel would preclude relitigation of the factual findings of the district court. The only question would be whether, under the record developed in the district court, Mrs. Clark could make out a taking claim. However, there is no need to analyze the district court's findings to determine whether all of the elements of a taking claim have been met, since the court concludes that Congress did not intend for a plaintiff to recover damages under a taking theory in this court, after recovering damages in an FTCA action based on the same operative facts.

Plaintiff maintains that allowing her to recover in the district court under the FTCA and in the Claims Court under a taking theory would not constitute double recovery, where the FTCA action and the taking claim arise from the same set of events, since the types of damages sought in the two actions differ. Plaintiff argues further that the doctrine of election of remedies has no place under federal rules of pleading, and points out that neither the district court nor the Claims Court has the power to grant her complete relief. Thus, plaintiff concludes, she should be allowed to pursue her taking claim in this court, notwithstanding the fact that the district court has already awarded her damages for diminution in the value of her property occasioned by the Air Force's negligent disposal of the chemicals.

There is no analytical inconsistency between tort and taking theories.[2] Both a

---

2. The court is aware of judicial decisions which suggest that it is impossible to prove both a tort and a taking on the same set of events. *See, e.g., Bedford v. United States*, 192 U.S. 217, 224, 24 S.Ct. 238, 240, 48 L.Ed. 414 (1904); *Berenholz*

*v. United States*, 1 Cl.Ct. 620, 626 (1982). These cases do not explain the basis for such a bright line distinction, and the court reads the decisions to hold what the court holds today: *recov-*

tort and a taking can be made out on the same set of operative facts. The two theories are incompatible only because of the jurisdictional split between the Claims Court and the district courts, and the special types of damages available in each forum. A plaintiff alleging both a taking and a tort can recover damages for the loss in value of her property only once. However, under just compensation jurisprudence, a plaintiff is also entitled to interest and attorneys' fees under the Uniform Relocation Assistance Act, 42 U.S.C. § 4654, relief which cannot be afforded under the FTCA. Conversely, consequential damages, such as damages for emotional distress, can be recovered in an FTCA action, but not in a taking claim. Thus, the court can appreciate the logic in granting plaintiff's motion for summary judgment in the amount of $26,875 plus interest and attorneys' fees, less $26,875 already awarded by the district court as an offset to prevent double recovery. Notwithstanding this appreciation or sympathy, the court is constrained to conclude that when Congress consented to tort actions against the United States and actions for just compensation for property taken, it never intended for a plaintiff such as Mrs. Clark to recover damages under the FTCA, and then come to the Claims Court to recover what the district court could not give her under the FTCA, namely, attorneys' fees and interest.

Although "it seems particularly harsh and contrary to the spirit of the fifth amendment to require a plaintiff to determine whether to bring a tort action and forego attorneys' fees and interest or to seek recovery on a theory of inverse condemnation and forego traditional tort damages unavailable in this forum," *National Union Fire Insurance Co. v. United States*, 19 Cl.Ct. at 190 (1989), the jurisdictional split between the Claims Court and the federal district courts compels a plaintiff to make just such an election. The doctrine of election of remedies is applicable "where there are two or more co-existent remedies available to the litigant ... which are repugnant and inconsistent." 25

Am.Jur.2d, *Election of Remedies* § 10, at 653. In the classic election of remedies case, one alternative remedy requires the plaintiff to affirm a voidable transaction, while the other remedy requires disaffirmance of the transaction. The instant dispute does not present such a classic case; the facts found by the district court appear to establish a taking, and Mrs. Clark's position before this court is entirely consistent with that which she took before the district court.

However, an election of remedies problem can also arise where Congress lodges jurisdiction over different types of suits against the United States in different courts. In *Johns–Manville Corp. v. United States*, 855 F.2d 1556 (Fed.Cir.1988), the Court of Appeals for the Federal Circuit discussed this very issue, in connection with 28 U.S.C. § 1500. In *Johns–Manville*, plaintiffs brought suit in the Claims Court, seeking indemnification from the United States for actual or potential liabilities to their shipyard workers, who had been exposed to asbestos during World War II. The indemnification suit was based on a contractual relationship between plaintiffs and the United States. The Claims Court dismissed the indemnification action, reported *sub nom Keene v. United States*, 12 Cl.Ct. 197 (1987), on the basis of 28 U.S.C. § 1500. The same plaintiffs had previously filed, in district court, indemnification actions for actual or potential liabilities to shipyard workers exposed to asbestos, under the Federal Tort Claims Act; the complaints in district court alleged negligence on the part of the United States.

The Federal Circuit affirmed the Claims Court's dismissal, 855 F.2d 1556, ruling that the indemnification actions in the Claims Court were the same "claim," for purposes of § 1500, as the indemnification actions in district court. Although Mrs. Clark's taking claim is not barred by 28 U.S.C. § 1500, since she filed her claim in this court prior to filing her FTCA action in the district court, *see* section I above, the Federal Circuit's discussion of the policy behind section 1500 is relevant to the case

*ery* against the United States under both theories is impermissible.

at hand. "Claims are the same when they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." 855 F.2d at 1567. 28 U.S.C. § 1500 "was intended to force an election where both [the Claims Court and the district courts] could grant the same relief [money damages], arising from the same operative facts." *Id.* at 1564. "The object is to put that class of persons [who cannot bring all their theories of recovery in one court] to their election either to leave the Court of Claims or to leave the other courts." *Id.* (*quoting* Senator Edmunds, the author of the original version of section 1500).

*Johns–Manville* recognizes what might be termed a federal doctrine of "election of forum," a doctrine which appears applicable even in cases saved from dismissal under § 1500 by the rule of *Tecon Engineers,* discussed above. Congress' policy of forcing plaintiffs with one claim and more than one potential theory of recovery to choose their forum would be frustrated if Mrs. Clark were allowed to recover interest and attorneys' fees in her taking action, after she has recovered consequential damages under the FTCA. *See also Sun Oil Co. v. United States,* 572 F.2d 786, 215 Ct.Cl. 716, 769 (1978) (plaintiff who sued government for breach of mineral lease agreement and for taking of property without just compensation presented alternative theories of recovery, and recovery under contract theory precluded recovery under taking theory).

A review of the history surrounding Congress' waiver of the defense of sovereign immunity in claims based upon the Constitution, and in claims sounding in tort, buttresses the conclusion that Congress never intended for a plaintiff to recover damages under a taking theory in this court, after recovering damages in tort in a district court. The fifth amendment to the United States Constitution proscribes the taking of private property for public use without just compensation. The just compensation clause does not set forth the procedures by which just compensation is fixed; in other words, the just compensation clause created a right, but it did not prescribe a single remedy. The Tucker Act, 28 U.S.C. § 1491, passed in 1887, provides such a remedy by waiving the defense of sovereign immunity in certain types of claims against the United States. The Tucker Act vested the Court of Claims with the power "to render judgment upon any claim against the United States founded either upon the Constitution, ... or for liquidated or unliquidated damages in cases not sounding in tort." [3]

In 1946, Congress passed the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. The FTCA gives district courts exclusive jurisdiction over

> civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

Thus, both the Tucker Act and the FTCA waive the sovereign immunity of the United States in certain types of actions. Waivers of sovereign immunity are to be strictly construed. *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Exceptions to the limitations and conditions under which the government consents to be sued should not be implied. *Brookfield Construction Co. v. United States,* 228 Ct.Cl. 551, 661 F.2d 159 (1981). The court would be rewriting the FTCA if it were to award Mrs. Clark what she seeks here. The court sees no reason why certain kinds

---

**3.** Congress created the Claims Court in 1982 when it passed the Federal Courts Improvement Act, Pub.Law 97–164, codified at 28 U.S.C. § 1491(a)(1). There, Congress abolished the Court of Claims and empowered the Claims Court "to render judgment upon any claim against the United States founded either upon the Constitution, ... or for liquidated or unliquidated damages in cases not sounding in tort."

of torts committed by agents of the government—those which also would give rise to a taking claim—should be singled out for special treatment. Mrs. Clark's claim presents no more compelling a case for recovery of interest and attorneys' fees than would a personal injury claim against the government, which clearly would not give rise to a taking claim. The unfortunate practical effect of the jurisdictional split between the Claims Court and the district courts is to force plaintiffs who can allege either a tort or a taking to elect between two less than ideal remedies. Neither forum can provide such plaintiffs logically complete relief.

Other authorities agree with the conclusion that recovery under both the Tucker Act and the FTCA was never intended by Congress. It has been argued persuasively that, based on the Senate debates surrounding the passage of the FTCA, Congress intended that the FTCA embrace only those claims not covered by the Tucker Act.

> The statutory evolution of governmental responsibility in the diverse fields of contract and tort indicate [sic] that it was not the purpose or intent of the FTCA to usurp or displace the previously existing remedy in contract nor to give the plaintiff having a contract claim against the Government an alternative right of suit in tort.

Gottlieb, *The Tort Claims Act Revisited*, 49 Geo.L.J. 539, 574 (1961) (citation omitted). Professor Gottlieb's argument applies with equal force to the issue of recovery under both the FTCA and under a taking theory.

The few courts which have considered the interface between taking claims under the Tucker Act and FTCA actions have ruled that a plaintiff cannot recover under both theories. These courts emphasize that the United States has consented to be sued for takings solely under the Tucker Act, 28 U.S.C. § 1346(a)(2). While certain factual situations might give rise to both tort claims and taking claims, Congress did not intend that such claims be cognizable under both the Tucker Act and the FTCA. *United States v. Drinkwater*, 434 F.Supp. 457, 461 (E.D.Va.1977). *See also Roman v. Velarde*, 428 F.2d 129, 132 (1st Cir.1970) (at the time of the FTCA's passage, compensation for land permanently taken could be obtained under the Tucker Act, hence, FTCA does not provide a supplementary forum for plaintiffs demanding compensation for land permanently taken); *Myers v. United States*, 323 F.2d 580, 583 (9th Cir. 1963) (characterization by plaintiffs of the taking of their property by the United States as "trespass" and "waste" does not convert what are at bottom claims for just compensation under the Constitution into tort claims cognizable under the FTCA).

## CONCLUSION

Congress' decision to waive sovereign immunity for takings claims and tort claims in two separate statutes, and its lodging jurisdiction over the two types of claims in different forums, precludes Mrs. Clark from recovering the full measure of damages that might be recovered if a unified claim could be brought in a single forum possessing complete remedial powers. While the court believes this area may be an appropriate subject for legislative review, *see National Union Fire Insurance Company v. United States*, 19 Cl.Ct. at 190 (1989) ("[t]o the extent that Congress may not believe that general legislation is warranted, it may consider congressional reference referrals to this court in particular cases"), under the current statutory scheme Mrs. Clark cannot prevail in her taking claim. Defendant's motion for summary judgment is GRANTED. No costs.