Rhonald C. and Carolyn S. BEVERLY, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 91–983L.

United States Claims Court.

Sept. 25, 1991.

Rhonald C. and Carolyn S. Beverly, pro se.

Daniel G. Steele, Washington, D.C., with whom was Asst. Atty. Gen., Richard B. Stewart, for defendant.

## OPINION

### REGINALD W. GIBSON, Judge:

Plaintiffs, Rhonald and Carolyn Beverly (the Beverlys), appearing *pro se*, allege that the United States, acting through the Kentucky Army National Guard (the Guard or defendant), caused damage to their property by conducting unauthorized helicopter training exercises on, over, and around their farm. As a result, they initially filed a $2,021,500.00 petition for property and trespass damages in the United States District Court for the Eastern District of Kentucky under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. The district court denied substantially all of the Beverly claims, and awarded only $1,000 in nuisance damages on June 23, 1989.

On August 5, 1991, following appeal, the Beverlys filed the pending claim in this court, alleging that they are entitled to recover $2,021,511.00 here inasmuch as their property was taken without just compensation in violation of the Fifth Amendment of the Constitution.[1] However, in view of the previous district court action, the defendant filed a motion to dismiss for failure to state a claim under RUSCC 12(b)(4), arguing that the Beverlys cannot pursue the same taking claim in this court because, along with other claims, it was the subject matter of prior litigation in the district court, and that the present duplicative action is consequently barred by the

doctrine of *res judicata*. While inartfully averred, the Beverlys apparently contend, in response, that the entire matter was tried in the wrong court to begin with, and, therefore, request that we issue a new decision after vacating the final judgment of the district court. For the reasons stated below, the defendant's motion to dismiss is GRANTED.

## FACTS

The Beverlys own a 413–acre farm in Henry County, Kentucky, and it lies in a corridor that the Federal Aviation Administration approved pursuant to its regulations for low altitude helicopter training flights by the Kentucky Air National Guard. 14 C.F.R. § 91.79 (revised 1988). In addition, the Guard obtained permission to conduct helicopter landings on certain property known as the Robinson farm, which is adjacent to the Beverly farm. On September 13 and 14, 1985, while engaged in such training exercises, approximately 20 helicopter landings occurred on the Beverly property inasmuch as the Guardsmen mistakenly identified it as the Robinson farm, an authorized landing area. The error was discovered on the afternoon of September 14 when Mr. Beverly confronted one of the Guardsmen, and the unauthorized landings were terminated immediately. The defendant admitted the acts to be an unintentional trespass.

Subsequently, on October 20, 1987, the Beverlys filed a claim totaling $2,021,-500.00[2] in the United States District Court for the Eastern District of Kentucky under the FTCA. Jurisdiction was premised on

---

1. The Beverlys have alleged 28 U.S.C. § 1346(a) as the jurisdictional basis for their claim. In this regard, 28 U.S.C. § 1346(a)(2) provides the district courts and the Claims Court with concurrent jurisdiction over civil claims against the United States under $10,000. Thus, under that statute, we do not have jurisdiction over the $2,021,511.00 taking claim alleged by the Beverlys here. Nevertheless, inasmuch as the Beverlys are appearing *pro se*, we will assume that they intended to allege 28 U.S.C. § 1491(a)(1), which does bestow such jurisdiction on the Claims Court. It states, in pertinent part, that:

    The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either

upon the Constitution, or any Act of Congress or any regulation of an executive department. . . .

2. Plaintiffs prayed for (i) $11,500 for property and crop damages; (ii) $10,000 for emotional distress; and (iii) $2,000,000 for trespassing, invading air privacy, harassment, nuisance, and unauthorized use of land. However, in the latter part of May 1988, plaintiffs moved to amend the third prayer of their complaint to read— "violation [of] our 5th Amendment [rights] of our Constitution . . . by technical trespass for the use of the Nap of the Earth Training by the Kentucky National Guard under *federal status* . . . we pray . . . [for] 2 million dollars."

28 U.S.C. § 1346(b).[3] In particular, the petitioners claimed—that the air thrust from the low flying, hovering, and landing helicopters pulled up the tin roofing on some of their outbuildings; that the low-flying helicopters frightened their cattle, causing them to run through their fences into adjoining fields where they ate and trampled part of their sorghum crop; that their tobacco crop was also diminished in value because it was ruined on one side by the time it was housed after they were forced to stop their harvesting and proceed to round up the cattle and other livestock; and that they also personally suffered emotional injury as a result of the low overflights and that certain existing physical problems were exacerbated. They further alleged that the hovering and landing of numerous helicopters by defendant was a trespass, and that, in effect, it amounted to a taking of their property without just compensation in violation of the Fifth Amendment.

The matter was tried by a United States Magistrate, who concluded, given the defendant's admission, that the defendant did in fact trespass on the Beverly property, and that some limited compensation was warranted. In this connection, the Magistrate determined and concluded that the record contains no probative evidence of damage or injury beyond the mere nuisance of having to round up a few escaped cattle and the defendant's negligence in startling plaintiffs' cattle through the fencing from low flights over unauthorized property. Therefore, the petitioners were awarded only $1,000 in damages in a judgment entered on June 23, 1989, for mere aggravation and nuisance stemming from the escaped cattle and unauthorized landings. *Rhonald Beverly, et al. v. United States*, No. 87–68 (E.D.Ky.1989). This ruling was subsequently affirmed by the district court, and thereafter the Sixth Circuit Court of Appeals. 902 F.2d 32 (6th Cir.). The Beverlys petitioned for certiorari, and that too was denied. —— U.S. ——, 111 S.Ct. 174, 112 L.Ed.2d 138, *reh. denied*, —— U.S. ——, 111 S.Ct. 548, 112 L.Ed.2d 556 (1990). On March 5, 1991, after having exhausted all avenues of appeal on the decision of the United States District Court, the Beverlys filed their taking claim that is presently before this court.

The defendant now moves to dismiss the complaint pursuant to RUSCC 12(b)(4) for failure to state a claim. It asserts, in that regard, that the doctrine of *res judicata* bars the Beverlys from pursuing their taking claims here because it is based on the same facts as the district court FTCA action, and, moreover, because the Beverlys there obtained a final judgment which precludes them from pursuing duplicative relief in this forum. On the other hand, the Beverlys apparently contend that the United States District Court, Eastern District of Kentucky, did not have jurisdiction over all of their claims, and, on that basis, seek to proceed here. Consequently, they argue that we should use the evidence adduced in that earlier proceeding to issue an entirely new decision on their Fifth Amendment taking claim in this court.

DISCUSSION

When evaluating a RUSCC 12(b)(4) motion to dismiss for failure to state a claim, we are obliged to treat the allegations of fact in the complaint as true. *Adams v. United States*, 20 Cl.Ct. 132, 134 (1990), citing *Featheringill v. United States*, 217 Ct.Cl. 24, 26 (1978). Our inquiry under RUSCC 12(b)(4) is, in this regard, a limited one. We are charged with the duty of reviewing the complaint, before receiving evidence by either affidavit or admissions, to determine whether the plaintiff is entitled to offer proof in support of its claims, not whether it will ultimately prevail on a

---

**3.** That section states, in relevant part, that:

Subject to the provisions of chapter 171 of this title [the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680], the district court ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

subsequent motion for summary judgment or trial. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1976). Thus, a complaint may not be dismissed for failure to state a claim under RUSCC 12(b)(4) "unless it appears beyond doubt that the plaintiff can prove no set of facts ... which would entitle him to relief." *Id.* (citations omitted).

■ In the context of a taking claim under the Fifth Amendment of the U.S. Constitution, as the Beverlys allege here, the complaint must be dismissed only if it either fails to allege the facts necessary to establish a taking claim or admits facts that extinguish their cause of action. *Adams*, 20 Cl.Ct. at 136. Here, one can plausibly argue that the Beverlys do allege sufficient facts in their complaint that would, if proven, support a "taking" claim. The only question is—whether the Beverlys, by admitting that they obtained a $1,000 judgment on their FTCA claim in the district court, have acknowledged facts that operate to extinguish their right to pursue relief in this court. Consequently, the issue here is—whether the complaint must be dismissed because the doctrine of *res judicata* bars the Beverlys from pursuing relief in the Claims Court after having previously obtained a judgment on the same facts and claim(s) in the district court.

"[U]nder the doctrine of *res judicata*, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955). A "right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies ..." *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by mini-

mizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979). In sum, *res judicata* will operate to bar the second suit if the prior suit resulted in a final judgment on the merits by a court of competent jurisdiction; was between the same parties or their privies; and was based on the same claim or cause of action. Under these guidelines, there can be no doubt that the doctrine of *res judicata* requires dismissal here.

To begin with, the facts show that—the district court litigation involved precisely the same parties, that the district court decision was entered as a final judgment on June 23, 1989, and the district court reached the merits of the claims in its jurisdiction on the same operative facts in the case at bar. An examination of 28 U.S.C. § 1346(b), *see* note 3, *supra*, reveals that the district court properly exercised its jurisdiction. The Beverly claims were premised, at least in part, on—the FTCA (the district court has exclusive jurisdiction over such suits) and a Fifth Amendment "technical trespass." In this regard, therefore, the Beverlys incorrectly argue that they filed their first suit in the wrong court system. Accordingly, we simply cannot ignore the decision of the predecessor court, vacate its judgment, or issue a decision of our own on the same facts but on a slightly different theory following a trial, as the Beverlys apparently suggest. The Claims Court has limited jurisdictional authority, and does not have the power to review decisions by other courts. *See Rosano v. United States*, 9 Cl.Ct. 137, 142 (1985), *aff'd*, 800 F.2d 1126 (Fed.Cir.1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1350, 94 L.Ed.2d 521 (1987).

In view of the foregoing, the only colorable argument against the application of the *res judicata* doctrine lies in—whether the claim in the prior action was the same as the claim being alleged here. We observe, in this context, that while the theory there was under the FTCA and a Fifth Amendment "trespass," and here it was premised on a Fifth Amendment "taking," "[c]laims are the same if they arise from

the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." *Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1567 (Fed.Cir.1988), *cert. denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989). Here, it is undisputed that the operative facts are identical to those that were alleged by the Beverlys in support of their FTCA and "technical trespass" suit in the district court. There, as here, the Beverlys alleged that the Guard conducted low altitude helicopter flight and landing exercises on, over, and around their property, and that damages resulted (to their crops, barn, live stock, fence, and personally to themselves) from those unauthorized activities. Granted, it is possible that these facts could, upon election, separately support both a taking and a negligence claim; nevertheless, the mere fact that Congress decided to lodge jurisdiction over such claims in different courts does not necessarily mean that they are separate claims to the extent of overcoming an allegation of *res judicata.* Consequently, we find that the claim alleged here is in substance the same as that alleged and litigated by the Beverlys in the district court, and that the complaint, therefore, admits facts which warrant application of the *res judicata* doctrine.

■ Moreover, even if the doctrine of *res judicata* were inapplicable here, we would still be forced to dismiss this case because litigants who elect to file a FTCA suit in the district court, as the Beverlys did, cannot subsequently on the same operative facts pursue a taking claim in this court under the Fifth Amendment. *Clark v. United States,* 19 Cl.Ct. 220 (1989). In *Clark,* the plaintiff, like the Beverlys here, filed a Fifth Amendment taking claim in this court *after* obtaining a monetary judgment on a FTCA claim in the district court. The plaintiff argued that she was entitled to pursue her taking claim in this court in spite of the judgment that she obtained in the district court because neither forum had the jurisdiction to act on both the FTCA and taking claims. The Claims Court rejected this argument and dismissed the taking claim because it concluded that

the statutory jurisdictional scheme enacted by Congress requires litigants to file either a FTCA claim in the district court or a taking claim in this court. In other words, an election to proceed in one court precludes all subsequent litigation in the other, even though the facts would support an action in both forums.

According to *Clark,* "Congress never intended for a plaintiff to recover damages under a taking theory in this court, after recovering damages in tort [under the FTCA] in a district court." 19 Cl.Ct. at 224. The Congressional "decision to waive sovereign immunity for taking claims and tort claims in two separate statutes, and its lodging jurisdiction over the two types of claims in different forums, precludes [a plaintiff] from recovering the full measure of damages that might be recovered if a unified claim could be brought in a single forum." 19 Cl.Ct. at 225. We therefore find that *Clark* is squarely on point, and in the case at bar it requires us to dismiss the complaint because the facts unequivocally show that the Beverlys opted to pursue their remedy in the United States District Court under the FTCA rather than in the U.S. Claims Court under the Fifth Amendment.

CONCLUSION

For all of the reasons stated above, we find that the Beverlys cannot prove any set of facts that would entitle them to relief. Therefore, the defendant's RUSCC 12(b)(4) motion to dismiss for failure to state a claim upon which relief can be granted is GRANTED. No costs. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.