Laeamoke, Judge,
delivered tbe opinion of tbe court:
Plaintiff alleges that be was illegally separated from his position as a member of tbe Board of Review, Office of tbe Military Governor, Germany, United States Area of Control in Nürnberg, Germany. He seeks by this action to recover salary for the alleged wrongful separation from that position.
Tbe case arises on defendant’s motion to dismiss the petition for tbe reason that under section 1500, 62 Stat. 942, 28 U. S. C. § 1500, this court is without jurisdiction of any claim in respect to which plaintiff has pending in another court any suit against tbe United States or against one acting under tbe authority of tbe United States.
Tbe same facts as set forth in this petition are alleged by plaintiff in a suit which be filed in tbe U. S. District Court for tbe District of Columbia on April 5, 1954, naming the Secretary of State as defendant and seeking restoration to bis former position. On March 31, 1955, tbe District Court directed plaintiff’s reinstatement. A notice of appeal from tbe district court order was filed by the Government on May 26, 1955, and case No. 12776, John Foster Dulles, Secretary of State, appellant v. Meyer L. Casman, appellee, is currently pending in the Court of Appeals for tbe District of Columbia. The present action was filed November 23, 1955.
Tbe question presented is whether plaintiff’s suit in this court is barred by section 1500, supra, which reads as follows:
Tbe Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his as-signee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.
The purpose of section 1500, supra, was clearly stated in Frantz Equipment Company v. United States, 120 C. Cls. 312, 314, in which this court said:
* * * The purpose of Sec. 1500, supra, was to prohibit the filing and prosecution of the same claims against the United States in two courts at the same time. * * *
*649 In Wessel, Duval & Co., Inc., v. United States, 129 C. Cls. 464, 465, this court stated that section 1500 was enacted to prevent “the maintaining of two suits against the United States on the same claims and at the same time in two different courts.”
Plaintiff’s petition in National Cored Forgings Co., Inc., and Marloch Manufacturing Corporation v. United States, 132 C. Cls. 11, was dismissed because plaintiff had the same cause of action or claim pending in the district court against the R. F. C.
The provisions of section 1500, supra, were originally enacted as section 8 of the Act of June 25, 1868, 15 Stat. 77.[1] Only in the legislative history of that act is there found any complete expression on the purpose of the act. Senator Edmunds, Chairman of the Judiciary Committee, in reporting the bill to the Senate,[2] stated:
The object of this amendment is to put to their election that large class of persons having cotton claims particularly, who have sued the Secretary of the Treasury and the other agents of the Government in more than a hundred suits that are now pending, scattered over the country here and there, and who were at the same time endeavoring to prosecute their claims, and have filed them in the Court of Claims, so that [after] they have put the Government to the expense of beating them once in court of law they can turn around and try the whole question in the Court of Claims. The object is to put that class of persons to their election either to leave the Court of Claims or to leave the other courts. I am sure everybody will agree to that.
This part of the legislative history was referred to in Matson Navigation Co. v. United States, 284 U. S. 352, 355-356, in which the Supreme Court stated that the purpose of the section “was only to require an election between a suit in the Court of Claims and one brought in another court.”
Here the plaintiff obviously had no right to elect between courts. The claim in this case and the relief sought in the *650 district court are entirely different. The claim of plaintiff for back pay is one that falls exclusively within the jurisdiction of this court, and there is no other court which plaintiff might elect. 28 U. S. C. § 1346 (d) (2). On the other hand, the Court of Claims is without jurisdiction to restore plaintiff to his position. Ora Erskine Gaines v. United States, 132 C. Cls. 408.
Plaintiff’s suit in the district court asks for nothing but injunctive relief and his suit in this court asks for a money judgment for back pay. Since plaintiff has no right to elect between two courts, section 1500, supra, is inapplicable in this case. To hold otherwise would be to say to plaintiff, “If you want your job back you must forget your back pay”; conversely, “If you want your back pay, you cannot have your job back.” Certainly that is not the language of the statute nor the intent of Congress.
Plaintiff does not have pending in any other court a suit “for or in respect to” his claim for back pay within the meaning of section 1500, supra.
Defendant’s motion to dismiss is denied.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 As pointed out in footnote 2 of this court’s opinion in National Cored Forgings Co., Inc., etc. v. United States, the Reviser’s Notes of the 1948 codification of title 28 states that “changes were made in phraseology” between the predecessor section 184 and 1500 as enacted, but the changes have no effect on the overall purpose of the section.

 The Cong. Globe, 40th Cong., 2d sess. (1868), p. 2769.