# United States Court of Appeals for the Federal Circuit

2008-5102

EASTERN SHAWNEE TRIBE OF OKLAHOMA,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Aaron P. Avila, Attorney, Environment and Natural Resources Division, United States Department of Justice, of Washington, DC, filed a petition for panel rehearing for defendant-appellee. With him on the petition was Ignacia S. Moreno, Assistant Attorney General.

Brian J. Leinbach, Engstrom, Lipscomb & Lack, of Los Angeles, California, filed a response to the petition for panel rehearing for plaintiff-appellant.

Appeal from the United States Court of Federal Claims

Judge Charles F. Lettow

# United States Court of Appeals for the Federal Circuit

2008-5102

EASTERN SHAWNEE TRIBE OF OKLAHOMA,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case 06-CV-917, Judge Charles F. Lettow.

ON PETITION FOR PANEL REHEARING

Before GAJARSA, DYK, and MOORE, Circuit Judges.

Order for the court filed by Circuit Judge DYK.  Dissent filed by Circuit Judge MOORE.

DYK, Circuit Judge.

O R D E R

We have considered the petition for panel rehearing filed by the United States in Eastern Shawnee Tribe of Oklahoma v. United States, 582 F.3d 1306 (Fed. Cir. 2009).

In seeking panel rehearing, the United States urges that the panel erred in holding that under Tohono O'odham Nation v. United States, 559 F.3d 1284 (Fed. Cir. 2009), 28 U.S.C. § 1500 is inapplicable to bar "claims seeking relief in the Court of Federal Claims where different relief is sought in the Court of Federal Claims and the relief sought in the Court of Federal Claims could not be awarded in the district court action." E. Shawnee, 582 F.3d at 1311.  The United States claims that this holding is inconsistent with Frantz Equipment Co. v. United States, 98 F. Supp. 579 (Ct. Cl. 1951),

in that it looks at the district court's ability to award relief as part of the test. In reaching this conclusion, the United States fails to note that the later decision in <u>Casman v. United States</u>, 135 Ct. Cl. 647 (1956), necessarily supersedes <u>Frantz</u> to the extent that the two are inconsistent,[1] and <u>Casman</u> essentially adopted the same dual test as the one we articulated in the majority opinion here, <u>see</u> <u>id.</u> at 649–50. This is particularly noteworthy because the petition for certiorari filed by the United States in <u>Tohono</u> describes <u>Casman</u>'s holding as adopting this dual test:

> <u>Casman</u> reasoned that Section 1500's purpose was "to require an election between a suit in the Court of Claims and one brought in another court," and concluded that the statute therefore should not apply if the "plaintiff has no right to elect between two courts." 135 Ct. Cl. at 649-650. Because Casman's request for back pay fell "exclusively within the [Court of Claims'] jurisdiction," and because the Court of Claims (at the time) lacked "jurisdiction to" grant Casman's request for specific relief "restor[ing] [him] to his [federal] position," the Court of Claims held in <u>Casman</u> that Section 1500 did not apply when such "entirely different" relief must be sought in different courts. <u>Ibid.</u>

Petition for Writ of Certiorari at 18–19, <u>United States v. Tohono O'odham Nation</u>, No. 09-846 (U.S. Jan. 15, 2010) ("Petition for Certiorari") (footnote omitted). The United States' petition for certiorari also recognizes that our court en banc reaffirmed <u>Casman</u> in <u>Loveladies Harbor, Inc. v. United States</u>, 27 F.3d 1545, 1549, 1551 (Fed. Cir. 1994) (en banc). Petition for Certiorari, <u>supra</u>, at 18. Thus there is no conflict in our precedent.

---

[1]  Because the Court of Claims typically sat en banc at the time of these decisions, which it did in <u>Casman</u>, it was at liberty to modify or effectively overrule its earlier decisions. Therefore, where Court of Claims decisions are inconsistent, we are obligated to follow the court's most recent decision. <u>See</u> <u>Doe v. United States</u>, 372 F.3d 1347, 1355 (Fed. Cir. 2004).

Upon consideration thereof,

IT IS ORDERED THAT:

(1)   The petition for panel rehearing is denied.

(2)   The mandate of the court will issue on March 24, 2010.

FOR THE COURT


March 17, 2010                              /s/ Jan Horbaly
    Date                                       Jan Horbaly
                                               Clerk


cc:  Aaron P. Avila
     Brian J. Leinbach


2008-5102                              3

# United States Court of Appeals for the Federal Circuit

2008-5102

EASTERN SHAWNEE TRIBE OF OKLAHOMA,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case 06-CV-917, Judge Charles F. Lettow.

ON PETITION FOR PANEL REHEARING

MOORE, <u>Circuit Judge</u>, dissenting.

Because the majority's decision creates an erroneous standard for applying 28 U.S.C. § 1500, I respectfully dissent from the majority's denial of the government's petition for panel rehearing.

Section 1500 provides that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States." The majority holds that § 1500 does not bar an action filed in the Court of Federal Claims when (1) an action filed in a U.S. district court seeks different relief and (2) the district court lacks jurisdiction to award the relief sought in the Court of Federal Claims action. According to the majority, our predecessor court "essentially adopted the same dual test" in <u>Casman v. United States</u>, 135 Ct. Cl. 647 (1956).

I would rehear this case because the majority's test—specifically its inquiry into the district court's jurisdiction—conflicts with precedent. In Keene v. United States, 508 U.S. 200 (1993), the Supreme Court stated that "the comparison of the two cases for purposes of possible dismissal would turn on whether the plaintiff's other suit was based on substantially the same operative facts as the Court of [Federal] Claims action, at least if there was some overlap in the relief requested." Id. at 212 (emphasis added). The Supreme Court explicitly left open "whether two actions based on the same operative facts, but seeking completely different relief, would implicate § 1500." Id. at 212 n.6 (emphasis added) (citing Casman, 135 Ct. Cl. 647).

We addressed this opening in Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc). The Loveladies court stated as follows:

> The issue the Government raises, and which is now properly before us on the facts of this case, is whether § 1500 denies jurisdiction to the Court of Federal Claims if, at the time a complaint for money damages is filed, there is a pending action in another court that seeks distinctly different relief.

Id. at 1549 (emphasis added). We assumed arguendo that Loveladies' two actions arose from the same operative facts. Id. at 1552. And we acknowledged that "the claims in the two courts are for distinctly different and not the same or even overlapping relief—this case presents the straightforward issue of plaintiffs who seek distinctly different types of relief in the two courts." Id. at 1554 (internal quotation marks omitted). The government argued that "§ 1500 precludes the Court of Federal Claims from hearing Loveladies' takings claim on the ground of operative facts alone." Id. at 1552. We rejected this argument, explaining that "[w]e know of no case arising from the same operative facts in which § 1500 has been held to bar jurisdiction over a claim praying for

relief distinctly different from that sought in a pending proceeding." Id. at 1551. We held that § 1500 did not bar Loveladies' action in the Court of Federal Claims.[1]

Accordingly, under Keene and Loveladies, I understand the landscape for § 1500 to be as follows: (a) section 1500 bars jurisdiction when the operative facts are at least substantially the same and there is at least some overlap in the relief requested; and (b) section 1500 does not bar jurisdiction when the relief requested is "distinctly different," regardless of any similarity between the operative facts. Keene teaches the former; Loveladies the latter. Absent from Keene and Loveladies is an inquiry into whether the district court lacks jurisdiction to award the relief sought in the Court of Federal Claims action. Indeed the majority's infusion of such an inquiry into the § 1500 test conflicts with Loveladies, a decision from our court sitting en banc. For example, consider an action filed in the Court of Federal Claims that is based on the same operative facts but that seeks distinctly different relief than an action filed in a U.S. district court. Under the majority's test, § 1500 would bar the Court of Federal Claims action if the district court possesses jurisdiction to award the relief sought in the Court of Federal Claims action. But under Loveladies, § 1500 can never bar a Court of Federal Claims action seeking "distinctly different" relief, regardless of the district court's jurisdiction to award that relief.

Lastly, I do not believe that it is sensible for the majority to predicate jurisdiction in the Court of Federal Claims on that court's evaluation of a district court's jurisdiction.

---

[1] Certain language in Loveladies creates some understandable confusion: "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." 27 F.3d at 1551. But the Supreme Court in Keene did not require "the same relief," and we must read Loveladies as consonant with Supreme Court precedent.

It may not always be the case that both courts agree on whether the district court possesses jurisdiction to award the relief sought in the Court of Federal Claims.

For the foregoing reasons, I respectfully dissent from the majority's denial of the government's petition for panel rehearing in this case. The majority was not free to rewrite the law on § 1500.