Order for the Court filed by Circuit Judge DYK. Dissent filed by Circuit Judge MOORE.

ORDER

DYK, Circuit Judge.
We have considered the petition for panel rehearing filed by the United States in Eastern Shawnee Tribe of Oklahoma v. United States, 582 F.3d 1306 (Fed.Cir.2009).
In seeking panel rehearing, the United States urges that the panel erred in holding that under Tohono O’Odham Nation v. United States, 559 F.3d 1284 (Fed.Cir.2009), 28 U.S.C. § 1500 is inapplicable to bar “claims seeking relief in the Court of Federal Claims where different relief is sought in the Court of Federal Claims and the relief sought in the Court of Federal Claims could not be awarded in the district court action.” E. Shawnee, 582 F.3d at 1311. The United States claims that this holding is inconsistent with Frantz Equipment Co. v. United States, 120 Ct.Cl. 312, 98 F.Supp. 579 (1951), in that it looks at the district court’s ability to award relief as part of the test. In reaching this conclusion, the United States fails to note that the later decision in Casman v. United States, 135 Ct.Cl. 647 (1956), necessarily supersedes Frantz to the extent that the two are inconsistent,[1] and Casman essentially adopted the same dual test as the one we articulated in the majority opinion here, see id. at 649-50. This is particularly noteworthy because the petition for certiorari filed by the United States in Tohono describes Casman’s holding as adopting this dual test:
Casman reasoned that Section 1500’s purpose was “to require an election between a suit in the Court of Claims and one brought in another court,” and concluded that the statute therefore should not apply if the “plaintiff has no right to elect between two courts.” 135 Ct.Cl. at 649-650. Because Casman’s request for back pay fell “exclusively within the [Court of Claims’] jurisdiction,” and because the Court of Claims (at the time) lacked “jurisdiction to” grant Casman’s request for specific relief “re-stor[ing][him] to his [federal] position,” the Court of Claims held in Casman that Section 1500 did not apply when such “entirely different” relief must be sought in different courts. Ibid.
Petition for Writ of Certiorari at 18-19, United States v. Tohono O’Odham Nation, No. 09-846 (U.S. Jan.15, 2010) (“Petition for Certiorari”) (footnote omitted). The United States’ petition for cértiorari also recognizes that our court en banc reaffirmed Casman in Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1549, 1551 (Fed.Cir.1994) (en banc). Petition for Cer-tiorari, supra, at 18. Thus there is no conflict in our precedent.
*1328 Upon consideration thereof,
IT IS ORDERED THAT:
(1) The petition for panel rehearing is denied.
(2) The mandate of the court will issue on March 24, 2010.
ON PETITION FOR PANEL REHEARING

. Because the Court of Claims typically sat en banc at the time of these decisions, which it did in Casman, it was at liberty to modify or effectively overrule its earlier decisions. Therefore, where Court of Claims decisions are inconsistent, we are obligated to follow the court's most recent decision. See Doe v. United States, 372 F.3d 1347, 1355 (Fed.Cir.2004).