MOORE, Circuit Judge,
dissenting.
Because the majority’s decision creates an erroneous standard for applying 28 U.S.C. § 1500, I respectfully dissent from the majority’s denial of the government’s petition for panel rehearing.
Section 1500 provides that “[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assign-ee has pending in any other court any suit or process against the United States.” The majority holds that § 1500 does not bar an action filed in the Court of Federal Claims when (1) an action filed in a U.S. district court seeks different relief and (2) the district court lacks jurisdiction to award the relief sought in the Court of Federal Claims action. According to the majority, our predecessor court “essentially adopted the same dual test” in Casman v. United States, 135 Ct.Cl. 647 (1956).
I would rehear this case because the majority’s test — specifically its inquiry into the district court’s jurisdiction — conflicts with precedent. In Keene v. United States, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), the Supreme Court stated that “the comparison of the two cases for purposes of possible dismissal would turn on whether the plaintiffs other suit was based on substantially the same operative facts as the Court of [Federal] Claims action, at least if there was some overlap in the relief requested.” Id. at 212, 113 S.Ct. 2035 (emphasis added). The Supreme Court explicitly left open “whether two actions based on the same operative facts, but seeking completely different relief, would implicate § 1500.” Id. at 212 n. 6, 113 S.Ct. 2035 (emphasis added) (citing Casman, 135 Ct.Cl. 647).
We addressed this opening in Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed.Cir.1994) (en banc). The Loveladies court stated as follows:
The issue the Government raises, and which is now properly before us on the facts of this case, is whether § 1500 denies jurisdiction to the Court of Federal Claims if, at the time a complaint for money damages is filed, there is a pending action in another court that seeks distinctly different relief.
Id. at 1549 (emphasis added). We assumed arguendo that Loveladies’ two actions arose from the same operative facts. Id. at 1552. And we acknowledged that “the claims in the two courts are for distinctly different and not the same or even overlapping relief — this case presents the straightforward issue of plaintiffs who seek distinctly different types of relief in the two courts.” Id. at 1554 (internal quotation marks omitted). The government argued that “ § 1500 precludes the Court of Federal Claims from hearing Loveladies’ takings claim on the ground of operative facts alone.” Id. at 1552. We rejected this argument, explaining that “[w]e know of no case arising from the same operative facts in which § 1500 has been held to bar jurisdiction over a claim praying for relief distinctly different from that sought in a pending proceeding.” Id. at 1551. We held that § 1500 did not bar Loveladies’ action in the Court of Federal Claims.[1]
*1329 Accordingly, under Keene and Loveladies, I understand the landscape for § 1500 to be as follows: (a) section 1500 bars jurisdiction when the operative facts are at least substantially the same and there is at least some overlap in the relief requested; and (b) section 1500 does not bar jurisdiction when the relief requested is “distinctly different,” regardless of any similarity between the operative facts. Keene teaches the former; Loveladies the latter. Absent from Keene and Loveladies is an inquiry into whether the district court lacks jurisdiction to award the relief sought in the Court of Federal Claims action. Indeed the majority’s infusion of such an inquiry into the § 1500 test conflicts with Loveladies, a decision from our court sitting en banc. For example, consider an action filed in the Court of Federal Claims that is based on the same operative facts but that seeks distinctly different relief than an action filed in a U.S. district court. Under the majority’s test, § 1500 would bar the Court of Federal Claims action if the district court possesses jurisdiction to award the relief sought in the Court of Federal Claims action. But under Loveladies, § 1500 can never bar a Court of Federal Claims action seeking “distinctly different” relief, regardless of the district court’s jurisdiction to award that relief.
Lastly, I do not believe that it is sensible for the majority to predicate jurisdiction in the Court of Federal Claims on that court’s evaluation of a district court’s jurisdiction. It may not always be the case that both courts agree on whether the district court possesses jurisdiction to award the relief sought in the Court of Federal Claims.
For the foregoing reasons, I respectfully dissent from the majority’s denial of the government’s petition for panel rehearing in this case. The majority was not free to rewrite the law on § 1500.

. Certain language in Loveladies creates some understandable confusion: "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." 27 F.3d at 1551. But the Supreme Court in Keene did not require "the same relief,” and *1329 we must read Loveladies as consonant with Supreme Court precedent.