**TRUSTED INTEGRATION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 09–759 C.

United States Court of Federal Claims.

June 3, 2010.

Thomas Kenneth David, Reston, VA, for plaintiff. John A. Bonello, Reston, VA, of counsel.

James Robert Sweet, Washington, DC, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director, Washington, DC, for defendant.

## OPINION

BUSH, Judge.

Now pending before the court is defendant's motion to dismiss, which was filed on December 15, 2009. The motion has been fully briefed and is ripe for a decision by the court. Because 28 U.S.C. § 1500 (2006) divests this court of subject matter jurisdiction over plaintiff's claims, the suit must be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). Accordingly, defendant's motion to dismiss is hereby granted.

## BACKGROUND[1]

### I. Factual History

Congress enacted the Federal Information Security Management Act (FISMA), 44 U.S.C. §§ 3541–3549 (2006), in 2002. FISMA established a comprehensive framework for the management and oversight of information security in the federal government. Compl. ¶¶ 4–7. Under FISMA, the National Institute of Standards and Technology (NIST) is required to adopt information security standards, best practices and methodologies for the federal government, and individual federal agencies are charged with meeting those standards. *Id.* ¶ 5. In addition, the Office of Management and Budget (OMB) is responsible for ensuring that federal agencies comply with the standards established by NIST. *Id.* Finally, the Office of the Inspector General (OIG) for each affected agency provides additional oversight for its agency's compliance with FISMA. *Id.* FISMA provides that agencies may achieve compliance with its requirements through the deployment of commercially developed information security products. *See* 44 U.S.C. § 3541(5).

Trusted Integration, Inc. (Trusted Integration) provides information security solutions in the areas of FISMA security compliance automation, information security certification and accreditation automation, and information security compliance services. Compl. ¶ 9. Trusted Integration's primary product is called Trusted Agent and is the leading FISMA compliance platform used by federal government agencies. *Id.* ¶ 10. Beginning in December 2003, Trusted Integration and the United States Department of Justice (DOJ) commenced a seven-month pilot program in which DOJ utilized TrustedAgent to meet its compliance and reporting obligations under FISMA. *Id.* ¶ 14. On June 8, 2004, DOJ purchased an enterprise license to use the TrustedAgent product in tandem with its own certification and accreditation application to create its FISMA solution, known as Cyber Security Assessment Management

(CSAM). *Id.* ¶¶ 15, 18. Under the license agreement with plaintiff, DOJ agreed to limit its use of TrustedAgent to "internal business use." *Id.* The license agreement also required DOJ to maintain the confidentiality of the TrustedAgent product and related documentation, which were recognized in the license agreement as trade secrets of Trusted Integration. *Id.* ¶¶ 17–18.

In the summer of 2006, OMB initiated a new program called Information System Security Lines of Business for FISMA reporting. *Id.* ¶ 20. Under that program, each federal agency was invited to submit its FISMA compliance solution for consideration as a designated "Center of Excellence" (COE). *Id.* OMB would designate a limited number of agencies as COEs, and all other agencies would be required to purchase their FISMA compliance solutions from one of the COE agencies. *Id.* ¶ 21.

In its request for proposals, OMB stated that any FISMA solution submitted for consideration as a COE must have a proven track record of successful use by the submitting agency. *Id.* ¶ 30. Although TrustedAgent was an integral component of CSAM, the submission of CSAM as a COE proposal would have been beyond the scope of defendant's license to use the TrustedAgent product. *Id.* ¶ 25. Trusted Integration and DOJ thus entered into a separate agreement to submit CSAM for consideration as a COE. *Id.* ¶ 23. Although it could have partnered with other agencies in the COE competition, Trusted Integration agreed that it would participate only in the DOJ proposal. *Id.* ¶ 26.

On September 14, 2006, Trusted Integration and DOJ submitted a statement of capabilities for CSAM in response to the request for COE proposals. *Id.* ¶ 32. The statement indicated that TrustedAgent was an essential element of CSAM. *See id.* ¶¶ 33–40. Between September and December 2006, Trusted Integration and DOJ conducted a series of demonstrations of CSAM (including TrustedAgent) in connection with their COE proposal. *Id.* ¶ 41. On October 5,

---

**1.** The facts recounted here are largely taken from plaintiff's complaint, and are undisputed for the limited purpose of resolving defendant's motion to dismiss. See Def.'s Mot. at 1 n. 1. The court makes no findings of fact in this opinion.

2006, DOJ made a presentation to the COE selection committee. *Id.* ¶ 42. During that presentation, DOJ indicated that TrustedAgent would be an integral component of its CSAM proposal. *Id.*

Without providing notice to Trusted Integration, DOJ began developing its own alternative to the TrustedAgent component of CSAM in late 2006. Compl. ¶ 28. During routine maintenance in late 2006 or early 2007, DOJ developers accessed the TrustedAgent Oracle database for the purpose of data migration. *Id.* ¶ 56. DOJ used the information gleaned from that database access to design its competing product, which bears a number of striking similarities to the TrustedAgent platform. *Id.* ¶¶ 56–59. DOJ sought to develop an alternative to TrustedAgent in order to increase its revenue from the sale of its FISMA solution if selected as a COE. *Id.* ¶ 29.

On February 6, 2007, OMB announced its selection of DOJ and the Environmental Protection Agency (EPA) as the two COEs for FISMA reporting. *Id.* ¶ 43. Following that announcement, all federal agencies were required to select a FISMA solution from either DOJ or the EPA no later than April 2007. *Id.* ¶ 45. The FISMA solutions selected by the agencies were to be implemented no later than fiscal year 2009. *Id.*

In early 2007, DOJ began offering agency customers a modified version of CSAM that included its own software platform in lieu of the TrustedAgent product. *Id.* ¶ 46. During presentations to those agency customers, DOJ made a number of disparaging comments about the quality of the TrustedAgent product. *Id.* ¶¶ 52–53. While DOJ was actively promoting its new version of CSAM, however, it nonetheless provided a presentation to potential customers during a COE informational session on March 13, 2007 indicating that TrustedAgent was in fact an integral component of CSAM. *Id.* ¶ 50.

In April 2007, DOJ informed Trusted Integration that it would no longer offer TrustedAgent as part of its CSAM offering. *Id.* ¶ 54. DOJ explained that its users had experienced data loss and adverse performance issues in connection with their use of TrustedAgent. *Id.* ¶¶ 54–55. According to plaintiff, the CSAM problems experienced by DOJ were unrelated to its TrustedAgent product.

## II.  Procedural History

On May 13, 2009, Trusted Integration filed a complaint (DDC Compl.) in the United States District Court for the District of Columbia seeking relief pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 (2006) (FTCA). Def.'s Mot. Ex. 1. Plaintiff sought monetary damages pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (2006), and under theories of common law unfair competition and breach of fiduciary duty. In its complaint in district court, Trusted Integration requested monetary damages in the amount of $15 million.

Trusted Integration commenced the instant suit on November 6, 2009. Here, plaintiff raises claims founded on the Tucker Act, 28 U.S.C. § 1491 (2006), and the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (2006). In this case, plaintiff seeks monetary damages for defendant's alleged breach of an oral or implied-in-fact contract, its breach of the TrustedAgent license agreement, and breach of its duty of good faith and fair dealing. In its complaint before this court, as in its district court action, Trusted Integration has requested monetary damages in the amount of $15 million.

On December 15, 2009, defendant filed a motion to dismiss the present suit for lack of subject matter jurisdiction. Defendant argues that Trusted Integration's suit in this court is barred under 28 U.S.C. § 1500 because it involves the same "claim" as Trusted Integration's suit in district court. According to defendant, the two suits are based upon substantially the same operative facts and seek the same relief. For those reasons, defendant contends that this court is divested of subject matter jurisdiction over the case. In addition, defendant asserts that this court cannot exercise jurisdiction over this case based upon equitable considerations, and that equity would not warrant the expansion of the court's jurisdiction in any event.

On January 15, 2010, plaintiff responded to defendant's motion to dismiss. In its re-

sponse, Trusted Integration argues that its suit in this court and its separate action in district court do not involve the same "claim" as that term has been defined by the United States Court of Appeals for the Federal Circuit. Although Trusted Integration's response fails to dispute defendant's assertion that the two suits seek the same relief, plaintiff does claim that there are a number of critical differences between the legally operative facts in this case and those implicated in the district court action. Trusted Integration argues that section 1500 is triggered only by an identity of "operative facts," which are those facts that are "relevant to a judicially imposed remedy." Pl.'s Opp. at 3. While plaintiff concedes that both suits are based upon the same general factual circumstances, it goes on to contend that different operative facts are implicated in each case. Plaintiff notes, for example, that its claims before this court are based upon the Trusted-Agent license agreement as well as the existence of an agreement to submit CSAM as a COE proposal. Trusted Integration explains that its claims in district court, in contrast, do not depend upon the existence or validity of either of those agreements.

On January 20, 2010, the district court dismissed two of the three counts in Trusted Integration's suit against defendant in that court. See Def.'s Reply Ex. 1 (DDC Order); Pl.'s Supp. Opp. Ex. 1 (DDC Mem. Opin.). First, the district court held that the government's alleged breach of fiduciary duty to plaintiff was based on a contractual relationship and was therefore within the exclusive jurisdiction of the United States Court of Federal Claims. Second, the district court held that Trusted Integration's unfair competition claim also was beyond its jurisdiction because that claim was based upon an allegation of misrepresentation, which does not fall within the waiver of sovereign immunity contained in the FTCA. Finally, however, the district court denied defendant's motion to dismiss Trusted Integration's claim under the Lanham Act. The district court held that the Lanham Act claim was not predicated upon any contractual relationship between plaintiff and the government and was therefore within the subject matter jurisdiction of the district court.

On February 16, 2010, defendant filed its reply to Trusted Integration's response in the instant case. Defendant first challenges Trusted Integration's assertion that two suits must be treated as different claims for purposes of section 1500 simply because they are based upon different legal theories and require different elements of proof. According to defendant, the Federal Circuit has squarely rejected the contention that a claim is defined by the legal theory upon which it is based and therefore, pursuant to section 1500, this court is precluded from entertaining plaintiff's suit. Defendant additionally argues that the dismissal of this suit pursuant to section 1500 will not deprive plaintiff of a forum for its claims because the district court has retained jurisdiction to hear Trusted Integration's Lanham Act claim. Accordingly, defendant contends that there is no equitable justification for the exercise of subject matter jurisdiction by this court.

On the same day that defendant filed its reply, plaintiff, without leave of the court, supplemented its response to defendant's motion to dismiss. In that supplemental filing, plaintiff asserts that the district court's memorandum opinion dismissing two of its claims in that court supports its argument that the suit there and the action in this court are different claims under section 1500. In addition, Trusted Integration argues in its supplemental filing—for the first time—that the district court action and the instant suit do not seek the same relief and are therefore beyond the reach of section 1500.

On February 22, 2010, defendant filed a motion to strike the supplemental filing. In its motion to strike, defendant argues that this court's rules do not allow parties to file sur-replies, and further notes that plaintiff did not seek leave of the court to file a supplement to its response. In the alternative, defendant requested leave of the court to respond to Trusted Integration's supplemental filing. In its supplemental response, defendant first notes that the district court's memorandum opinion is not binding upon this court. Next, defendant argues that the district court did not address the issue of whether the suit in that court constitutes the

same claim as the suit in this court for the purposes of section 1500. On the contrary, according to defendant, the district court merely determined that one of the three claims raised by Trusted Integration in that case was based upon a contractual agreement between plaintiff and the government, while another was precluded by the express terms of the FTCA. Finally, defendant asserts that Trusted Integration has waived its claim that the two suits at issue seek different forms of relief because that assertion was not raised in plaintiff's response to defendant's motion to dismiss.

On February 24, 2010, the court denied defendant's motion to strike Trusted Integration's supplemental filing and granted defendant's alternative motion for leave to respond to the supplement.

## DISCUSSION

### I. Standard of Review

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and must construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814–15, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir.1988). The relevant issue in a motion to dismiss under RCFC 12(b)(1) " 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Patton v. United States*, 64 Fed.Cl. 768, 773 (2005) (quoting *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683). The plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135

(1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). The court may look at evidence outside of the pleadings in order to determine its jurisdiction over a case. *Martinez v. United States*, 48 Fed.Cl. 851, 857 (2001) (citing *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461–62 (Fed.Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991)), *aff'd in relevant part*, 281 F.3d 1376 (Fed.Cir.2002). "Indeed, the court may, and often must, find facts on its own." *Id.* If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

### II. Applicability of Section 1500 to Plaintiff's Claims

Defendant argues that Trusted Integration's claims in this court are barred by 28 U.S.C. § 1500. Section 1500 provides that:

[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The Federal Circuit has explained that "[t]he purpose of section 1500 is to prohibit the filing and prosecution of the same claims against the United States in two courts at the same time." *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed.Cir.1988).

The jurisdictional bar of section 1500 is triggered when a party commences a suit in this court that is based upon a "claim" that also provides the basis for a pending suit in another court.[2] In determining whether section 1500 applies to a suit in this court, the threshold question is whether the plaintiff

---

**2.** Section 1500 does not deprive this court of subject matter jurisdiction over suits that are filed here *before* the commencement of a district court suit based upon the same claim. *See Tecon Eng'rs, Inc. v. United States*, 170 Ct.Cl. 389, 343

F.2d 943 (1965) (holding that a later-filed suit in district court did not deprive the Court of Claims of subject matter jurisdiction in an earlier-filed suit involving the same claim).

had a suit or process pending in another forum at the time the complaint was filed in this court. *See Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1548 (Fed.Cir. 1994) (*en banc*) ("The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action.") (discussing the holding in *Keene Corp. v. United States*, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)). The subsequent dismissal of all or any part of the district court suit prior to the filing or resolution of a motion to dismiss in this court does not affect the analysis. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed.Cir.2004) (noting that a "district court's dismissal of [a plaintiff's suit in that court], after it had transferred [one count of the plaintiff's district court complaint] to the Court of Federal Claims, was irrelevant to the validity under § 1500 of the latter court's subsequent dismissal of that count").

■ In reviewing a motion to dismiss pursuant to section 1500, the court must determine whether the two suits are based upon the same "claim." In the context of section 1500, the term "claim" does not refer to the legal theory advanced by the plaintiff. Rather, the Federal Circuit has explained that two suits involve the same claim when they are based upon the same operative facts and seek the same relief. *Loveladies Harbor*, 27 F.3d at 1551 ("For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from *the same operative facts*, and must seek *the same relief*.") (emphasis in original).

The Federal Circuit has emphasized that, for purposes of section 1500, a claim is not defined with reference to the legal theory upon which it is based:

> In summary, as indicated by the author of the original version of section 1500, the intent of Congress was not to define "claims" to mean legal theories. Such a definition would have rendered the section ineffective since the cotton claims towards which the section was originally aimed could not have been brought on the same

theory in 1868 in both the Court of Claims and the district courts.

*Johns–Manville*, 855 F.2d at 1561 (footnote omitted); *see also Loveladies Harbor*, 27 F.3d at 1551 (noting that in the application of section 1500 to the facts in *British Am. Tobacco Co. v. United States*, 89 Ct.Cl. 438 (1939), "[i]t made no difference that the two suits were based upon different legal theories; the plaintiff had only one claim for money based on the same set of facts").

■ Notwithstanding the Federal Circuit precedents cited above, even if two suits are based upon the same operative facts, the action in this court will not be barred by section 1500 if it seeks a different form of relief than the district court suit. *See, e.g., E. Shawnee Tribe of Okla. v. United States*, 582 F.3d 1306 (Fed.Cir.2009) (holding that a suit in this court—which requested only monetary damages—and a prior-filed suit in district court—which requested an equitable accounting and restatement of the tribe's trust account balances—were not based upon the same claim), *reh'g denied*, 598 F.3d 1326 (2010); *Tohono O'Odham Nation v. United States*, 559 F.3d 1284 (Fed.Cir.2009) (same), *cert. granted*, —— U.S. ——, 130 S.Ct. 2097, 176 L.Ed.2d 721 (2010) (No. 09–846); *Loveladies Harbor*, 27 F.3d at 1551–52 ("As our precedents establish, . . . a showing that the two claims arose from the same 'operative facts' is necessary, but not sufficient, to preclude the Court of Federal Claims from hearing a case. To come within the proscription of § 1500, the claims must also seek the same relief."). In other words, this court can exercise jurisdiction over a suit based upon the same operative facts as a pending suit in district court as long as there is no substantial overlap between the relief requested in the two suits.

■ It is undisputed that plaintiff filed its complaint in district court nearly six months before it filed its complaint in this court. As a result, Trusted Integration's district court suit was "pending" when its action in this court was commenced. In order to avoid the application of section 1500, plaintiff must demonstrate that either the underlying facts differ, or the requested relief differs, in the suits brought in the district court and in this

court. As discussed below, plaintiff has failed to meet that test.[3]

### A. Both Suits Are Based upon the Same Operative Facts

As discussed above, section 1500 deprives this court of jurisdiction over a suit when it is based upon the same operative facts as a pending suit seeking the same relief in another court. *See British American Tobacco,* 89 Ct.Cl. at 438. The United States Supreme Court has noted that the analysis of a motion to dismiss pursuant to section 1500 requires a comparison of the facts alleged in this court and those presented in the district court action. *See Keene,* 508 U.S. at 210, 113 S.Ct. 2035 ("By precluding jurisdiction over the claim of a plaintiff with a suit pending in another court 'for or in respect to' the same claim, § 1500 requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit."). As discussed below, the factual allegations contained in Trusted Integration's district court complaint and those presented in the complaint in this case are virtually identical.

The individual legal theories advanced in both of Trusted Integration's suits arise from the same dispute within the same factual context. The relevant factual allegations set forth by plaintiff are as follows. Defendant obtained a limited enterprise license for the TrustedAgent product to be used as a component of CSAM, its FISMA solution. Plaintiff and DOJ agreed to submit CSAM to OMB for consideration as a COE. DOJ enjoyed the benefits of this agreement in that CSAM was ultimately designated as a COE and could not have been so designated without the authorized use of the TrustedAgent product. DOJ relied on its association with plaintiff and the TrustedAgent product to promote its FISMA solution while secretly developing its own alternative to TrustedAgent. Finally, plaintiff suffered substantial harm as a result of DOJ's wrongful development of a competing product. Defendant contends, and the court agrees, that the operative facts described above provide the basis for both of Trusted Integration's suits.

With only a few exceptions, all of the factual allegations contained in Trusted Integration's complaint in this court are identical to those in the district court complaint. Plaintiff responds, however, that there are certain allegations in each complaint that are not present in the other. Rather than discussing all of the allegations that are the same, the court will briefly address those allegations that. appear in one complaint but not the other.

First, the district court complaint discusses Trusted Integration's trademark in the TrustedAgent product, *see* DDC Compl. ¶¶ 12–16, while the complaint in this court makes no mention of the trademark. Second, the district court complaint merely mentions the government's purchase of the TrustedAgent license, *see* DDC Compl. ¶ 17, while the complaint in this court discusses the terms of the license agreement and alleges a breach of the agreement by the government, *see* Compl. ¶¶ 15–17, 67–70. Third, the complaint in this court discusses Trusted Integration's copyrights in a TrustedAgent training presentation and certain screen shots, *see* Compl. ¶¶ 12–13, while the district court complaint does not mention those copyrights.[4] Fourth, in this case Trusted Integration asserts the existence of an oral or implied-in-fact contract with defendant to submit CSAM for consideration as a COE, and characterizes that agreement as a "procurement of property and services," *see*

---

3. Defendant argues in its motion to dismiss that the court cannot properly exercise jurisdiction over Trusted Integration's suit based solely upon equitable considerations. *See* Def.'s Mot. at 8–10. Although Trusted Integration did not argue that such considerations would warrant jurisdiction in this case, the court notes that defendant is correct in its assertion that the court cannot make exceptions to the application of section 1500 in the interests of equity or fairness. *See, e.g., Harbuck,* 378 F.3d at 1330 ("In any event, we would have no authority to create an 'unfair-

ness' exception to the unequivocal language of § 1500. Any change in the scope of or exception to that statute is for Congress, and not this court, to make."); *Johns–Manville,* 855 F.2d at 1565 ("Principles of equity do not support finding jurisdiction exists. A court may not in any case, even in the interest of justice, extend its jurisdiction where none exists.").

4. Plaintiff does not explain the significance of these copyrights.

Compl. ¶¶ 24, 61, while its district court complaint characterizes the same agreement as a "business enterprise to generate a profit," *see* DDC Compl. ¶ 23. Fifth, the district court complaint includes an allegation that defendant never intended to include the TrustedAgent product in CSAM, *see id.* ¶ 48, while the complaint in this court contains no corresponding allegation regarding defendant's motives. Finally, Trusted Integration's complaint in this court alleges that defendant accessed the TrustedAgent Oracle database for the purpose of obtaining data to assist in the development of its competing software product, and that the data acquired during that access was in fact used for that purpose. *See* Compl. ¶¶ 56–59. The district court complaint does not include a similar allegation.

Although the allegations described above may be unique to each complaint, they do not remove Trusted Integration's suit in this court from the jurisdictional bar of section 1500. The Federal Circuit has rejected the argument that the application of that provision requires the factual allegations in both complaints to be identical:

> [S]ection 1500 states that appellants cannot have pending any Claims Court claims "for or in respect to which" they had claims pending in district courts. This precludes the argument that the facts must be precisely the same at all events.... A contrary conclusion would permit plaintiffs to evade the strictures of section 1500 by drafting complaints in separate suits based on minor differences in facts which, in reality, relate to the same dispute.

*UNR Indus., Inc. v. United States,* 962 F.2d 1013, 1023–24 (Fed.Cir.1992), *aff'd sub nom. Keene,* 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118; *see also Loveladies Harbor,* 27 F.3d at 1551 (noting that the "Court of Claims deci[ded] in *British American* ... that two claims were not necessarily different simply because they were based on different legal theories"). There is no question that the two suits at issue are based upon the same dispute between the same parties: defendant's allegedly wrongful development of an alternative to the TrustedAgent product in contravention of its agreement to cooper-ate with plaintiff in the submission and promotion of its CSAM offering.

The Supreme Court has similarly noted that a strict requirement of precise identity would undermine the central purpose of section 1500:

> The decision in *British American Tobacco* strikes us, moreover, as a sensible reading of the statute, for it honors Congress's decision to limit Court of Federal Claims jurisdiction not only as to claims "for ... which" the plaintiff has sued in another court, but as to those "in respect to which" he has sued elsewhere as well. While the latter language does not set the limits of claim identity with any precision, it does make it clear that Congress did not intend the statute to be rendered useless by a narrow concept of identity providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation.

*Keene,* 508 U.S. at 213, 113 S.Ct. 2035. In short, Trusted Integration cannot circumvent the jurisdictional limitations imposed by section 1500 through creative pleading of its factual allegations.

Plaintiff further argues that a comparison of the two suits must be limited to those facts that are "relevant to a judicially imposed remedy." Pl.'s Opp. at 3. In support of that assertion, plaintiff relies on the following footnote from the Federal Circuit's opinion in *Loveladies Harbor:*

> Despite its lineage, it can be argued that there is a basic epistemological difficulty with the notion of legally operative facts independent of a legal theory. Insofar as a fact is 'operative'—*i.e.,* relevant to a judicially imposed remedy—it is necessarily associated with an underlying legal theory, that is, the cause of action. For example, without legal underpinning, words in a contract are no different from casual correspondence. Because it is unnecessary for our decision in this case, we need not further refine the meaning of 'operative facts.'

27 F.3d at 1551 n. 17. The court first notes that in *Loveladies Harbor,* the footnote commenting on a potential "epistemological difficulty" in section 1500 precedent at the same

time placed the reader on notice that this footnote did not "further refine the meaning of 'operative facts'" in section 1500 jurisprudence. *Id.* The *Loveladies Harbor* court did not reach the issue of whether the operative facts in the two complaints before it were the same for the purposes of a section 1500 analysis, and thus did not establish new precedent on the "same facts" prong of the analysis required by section 1500. *See id.* at 1551 n. 17, 1552 n. 19. The analysis of the operative facts in the complaints before a district court and this court depends not on the elements of proof for a particular legal theory, but on the well-established view that a common "factual foundation" for the two suits satisfies the "same facts" test. *See, e.g., Keene,* 508 U.S. at 213, 113 S.Ct. 2035 (stating that section 1500 addresses "two suits arising from the same factual foundation"); *Griffin v. United States,* 590 F.3d 1291, 1294 (Fed.Cir.2009) (finding that the same operative facts were present in two suits because the plaintiff's "injury for both claims stem[med] from the same single event"); *Loveladies Harbor,* 27 F.3d at 1551 (noting that section 1500 barred two suits based on different legal theories in *British American Tobacco* because "the plaintiff had only one claim for money based on the same set of facts").

The fact that plaintiff included certain facts in one complaint and not in the other for the apparent purpose of meeting the distinct elements of proof required under different legal theories does not remove its suit in this court from the reach of section 1500. As the Federal Circuit has explained, a "claim" under section 1500 is not defined by the facts necessary to satisfy the requisite elements of proof under the particular legal theories advanced by the plaintiff:

> [The plaintiff] argues that the claims are not the same since a tort theory will require different elements of proof than a contract theory.... [E]lements of proof are only relevant once a legal theory has been chosen. As previously discussed, the term "claim" in section 1500 "has no reference to the legal theory upon which a claimant seeks to enforce his demand...."

*British American Tobacco Co.,* 89 Ct.Cl. at 440. Since the legal theory is not relevant,

neither are the elements of proof necessary to present a prima facie case under that theory.

*Johns–Manville,* 855 F.2d at 1564.

Plaintiff, faced with unfavorable binding precedent regarding the "same facts" analysis required by section 1500, turns to several decisions of this court which are, of course, not binding in this matter. *See W. Coast Gen. Corp. v. Dalton,* 39 F.3d 312, 315 (Fed. Cir.1994) ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court.") (citations omitted). The court will briefly discuss the cases from this court cited by plaintiff, which are all distinguishable from this case. To the extent that plaintiff relies on these cases to undermine the binding precedent discussed above, plaintiff's reliance is misplaced.

Trusted Integration places particular reliance on this court's decision in *d'Abrera v. United States,* 78 Fed.Cl. 51 (2007). Of note is the following statement in *d'Abrera:* "'Claims involving the same general factual circumstances, but distinct material facts[,] can fail to trigger Section 1500.'" *Id.* at 58 (quoting *Branch v. United States,* 29 Fed.Cl. 606, 609 (1993)). To the extent that this statement of law could be read to be in conflict with the binding precedent of *Keene, Johns–Manville* and *British American Tobacco,* the court cannot follow plaintiff's reading of *d'Abrera.* To the extent that the *d'Abrera* court found that the two complaints under review in that case challenged different governmental actions and presented irreconcilable factual allegations, and thus concluded that those two complaints did not rely on the same facts, *d'Abrera* is distinguishable from the instant case. *See d'Abrera,* 78 Fed. Cl. at 58 (noting that the two suits "involved different conduct"); *id.* at 59 (commenting that the "claims in this court contain material factual allegations that are in direct opposition with the claims ... made in the district court").

Unlike the suits at issue in *d'Abrera,* the two suits in this case do not involve different actions on the part of the government, nor are they based upon diametrically opposed

allegations of fact. Both suits are based upon the same central claim: that the government wrongfully developed an alternative to the TrustedAgent product in contravention of its agreement with plaintiff to include TrustedAgent as a part of its CSAM offering. It is irrelevant that plaintiff has characterized the agreement as a contract in this suit and as a joint business enterprise in its district court action. It is equally irrelevant that only one of the complaints asserts that the government never intended to include the TrustedAgent product in its COE offering. The dual characterizations offered by plaintiff are an obvious attempt to mold the same operative facts to meet the elements of proof required for the different legal theories plaintiff is pursuing in each court. As discussed above, however, the term "claim," for purposes of section 1500, is not defined with reference to the legal theory pursuant to which a plaintiff seeks relief. *See Keene*, 508 U.S. at 212, 113 S.Ct. 2035 (The precedents of the Federal Circuit "demonstrate that under the immediate predecessor of § 1500, the comparison of the two cases for purposes of possible dismissal would turn on whether the plaintiff's other suit was based on substantially the same operative facts as the Court of Claims action, at least if there was some overlap in the relief requested. That the two actions were based on different legal theories did not matter.") (footnote and internal citation omitted).

Trusted Integration cites two additional cases from this court for the proposition that the comparison of two suits under section 1500 must be limited to those facts necessary to meet the specific elements of the legal claims raised in each suit. *See* Pl.'s Opp. at 3 (citing *Cooke v. United States*, 77 Fed.Cl. 173 (2007) and *Heritage Minerals, Inc. v. United States*, 71 Fed.Cl. 710 (2006)). Each of those cases, however, addressed situations in which a single plaintiff had filed two suits that involved different governmental actions that occurred during different periods of time. Because those cases are clearly distinguishable on the facts, they are not analogous to the instant case. In contrast to the cases cited by plaintiff, the noted differences between the factual allegations in Trusted Integration's two suits are nothing more than

different characterizations of the same operative facts. *See Low v. United States*, 90 Fed.Cl. 447, 453 (2009) ("Unlike the plaintiffs in *Cooke* and *Heritage Minerals*, [the plaintiff's] allegations cover the same time span, involve the same parties and discuss the same conduct.").

**B. Both Suits Seek the Same Relief**

Under the rule first established in *Casman v. United States*, 135 Ct.Cl. 647 (1956), two suits based upon the same operative facts are nonetheless beyond the jurisdictional bar of section 1500 when those suits seek different types of relief. *See Loveladies Harbor*, 27 F.3d at 1551 ("We know of no case arising from the same operative facts in which § 1500 has been held to bar jurisdiction over a claim praying for relief distinctly different from that sought in a pending proceeding.") (footnote omitted); *Johns–Manville*, 855 F.2d at 1563 n. 9 ("Under *Casman*, section 1500 is inapplicable where only injunctive relief is sought in the district court.").

In its supplemental filing, Trusted Integration argues—for the first time and in a footnote—that its district court action does not seek the same relief as its suit in this court. Relying in part on the memorandum opinion of the district court, plaintiff asserts that its district court claim seeks relief for undefined competitive and commercial harm caused by defendant's violation of the Lanham Act. Here, in contrast, Trusted Integration claims that its suit seeks compensatory damages for defendant's alleged breach of its agreements with plaintiff.

Plaintiff failed to assert that its two suits sought different forms of relief in its initial response brief, even though defendant had discussed that issue in its motion to dismiss. Trusted Integration explains that it did not raise that defense because it believed that the variance between the operative facts upon which the two suits were based was a sufficient basis for the denial of defendant's motion. Failure to raise an argument at the appropriate time will generally result in the waiver of that argument. *Cf. Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir.2002) ("Raising the issue for the first

time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration."). In this case, however, defendant was afforded an opportunity to respond to Trusted Integration's belated assertion that its two suits seek different types of relief. For that reason, the court will address the assertion that this suit and the parallel suit in the district court do not seek the same relief.

There is no question that the district court complaint and the complaint in this court requested precisely the same relief: $15 million in monetary damages. The district court's subsequent characterization of the requested relief is not controlling. Rather, "it is the relief that the plaintiff *requests* that is relevant under § 1500." *Tohono O'Odham*, 559 F.3d at 1291. In addition, the fact that plaintiff has requested monetary relief pursuant to different legal theories does not remove this suit from the reach of section 1500. *See Moorehead v. United States*, 81 Fed.Cl. 353, 357 (2008) (holding that when "monetary damages are sought in both forums, even when those monetary damages stem from different legal theories, section 1500 is applicable"). Trusted Integration's prayer for relief in its complaint in this court is a verbatim reproduction of the prayer for relief in its district court complaint. *Compare* Compl. Wherefore Clause ¶¶ 1–3 *with* DDC Compl. Wherefore Clause ¶¶ 1–3. Because plaintiff has requested the same type of relief (monetary damages) in precisely the same amount ($15 million), the court holds that the two suits seek the same relief under section 1500. This suit is based upon the same claim as Trusted Integration's suit in district court and must be dismissed pursuant to section 1500.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss, filed on December 15, 2009, is **GRANTED;**

(2) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint for lack of subject matter jurisdiction, without prejudice; and

(3) Each party shall bear its own costs.