Justice Ginsburg,
dissenting.
I dissent from the Court’s immoderate reading of 28 U. S. C. § 1500 and would affirm the Federal Circuit’s judgment.
According to the Court, the Court of Federal Claims (CFC) lacks subject-matter jurisdiction over the Tohono O’odham Nation’s (Nation) claim because the Tribe was simultaneously pursuing in the D. C. District Court an action with “a common factual basis.” Ante, at 810. It matters not, the Court holds, that to gain complete relief, the Nation had to launch two suits, for neither of the two courts whose jurisdiction the Tribe invoked could alone provide full redress. See ante, at 816-317.
The Court concludes that “claim” or “cause of action,” terms the Court considers synonymous as used in §1500,* see ante, at 313, refers to “operative facts,” and not to the *331 remedies a plaintiff seeks. See ibid. Section 1500 speaks of “the time when the cause of action . . . arose/’ a time antedating the commencement of suit. The Court infers, therefore, that a “claim” or “cause of action” is discrete from a pleading’s request for relief. See ante, at 312-313. In fact, however, entitlement to relief is essential to the existence of a claim or cause of action, which arises when a person suffers a harm capable of judicial redress. See 2 J. Story, Equity Jurisprudence § 1521a, p. 741 (8th ed. 1861) (“[T]he cause of action . . . arises when . . . the party has a right to apply to a court... for relief.”).
A plaintiff may not, § 1500 instructs, petition both the CFC and a district court, invoking in each a distinct legal theory appropriate to the forum, but seeking redress for a single injury. When Congress bars a plaintiff from obtaining complete relief in one suit, however, and does not call for an election of remedies, Congress is most sensibly read to have comprehended that the operative facts give rise to two discrete claims. Casman v. United States, 135 Ct. Cl. 647 (1956), as Justice Sotomayor spells out, see ante, at 322, is the paradigm case. There, a discharged federal employee, complaining of wrongful termination, sought reinstatement in a district-court action and backpay in the Court of Claims. Section 1500 does not stand in the way, the Court of Claims held in Casman, when the plaintiff suffered two distinct injuries, for which she seeks discrete forms of relief within the exclusive competence of different courts. See 135 Ct. Cl., at 649-650 (claim for backpay “entirely different” from claim for reinstatement). The Federal Circuit, in my view, rightly adhered to Casman in Loveladies Harbor, Inc. v. United States, 27 F. 3d 1545 (1994) (en banc), and rightly did so in this case.
While I agree with much of Justice Sotomayor’s opinion concurring in the judgment, I do not agree with her conclusion that §1500 bars the Nation’s CFC action. Justice Sotomayor joins the Court’s judgment (although not the *332 Court’s reasoning) because the “Tohono O’odham Nation seeks in the [CFC] some of the same relief on the same facts as it does in its pending District Court action.” Ante, at 318-319 (emphasis added). But to the extent that “the Nation’s two actions seek overlapping relief,” ante, at 319, a disposition less harsh would be in order. Ordinarily, when a plaintiff’s allegations and demands for relief are excessive, her complaint is not instantly dismissed on that account. Instead, she may seek leave to trim her pleading, permission a court “should freely give . . . when justice so requires.” Rule 15(a)(2) (CFC 2010). Cf. Rule 54(e) (judgment, other than default, need not conform to demand for relief, but “should grant the relief to which each party is entitled”).
As Justice Sotomayor and the Nation recognize, to avoid both duplication and the running of the statute of limitations, the CFC suit could be stayed while the companion District Court action proceeds. See ante, at 328; Brief for Respondent 35. That is a common practice when a prior action is pending. See Pennsylvania R. Co. v. United States, 363 U. S. 202, 204-206 (1960) (instructing Court of Claims to stay pending proceedings to enable litigant to obtain District Court review of relevant agency order); Creppel v. United States, 41 F. 3d 627, 633 (CA Fed. 1994) (“[T]he Court of Federal Claims may stay a takings action pending completion of a related action in a district court.”).
Why is this Court not positioned to direct the CFC to disregard requests for relief simultaneously sought in a district-court action, or at least to recognize that an amended CFC complaint could save the case? I see no impediment to either course, in § 1500 or any other law or rule.

“ ‘Cause of action,’ ” the Court simultaneously states, “is the more technical term.” Ante, at 313. If “more technical” means more precise, clear or certain, the Court is incorrect. See United States v. Memphis Cotton Oil Co., 288 U. S. 62, 67-68 (1933) (“A ‘cause of action’ may mean one thing for one purpose and something different for another.”). In its discourse on the term, the Court has fallen into an old error; the drafters of the Federal Rules endeavored to “eliminate the unfortunate rigidity and confusion surrounding the words ‘cause of action.’ ” 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 207 (3d ed. 2004). Today’s invocation of a supposed particular or exact meaning for the phrase risks reviving that confusion.